No. 22-6012

UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

_____

JANE DOE, *Plaintiff – Appellant*

v.

UNIVERSITY OF KENTUCKY, *Defendant – Appellee*

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
Civil Action No. 5:15-cv-00296
Hon. Joseph M. Hood, Retired transferred to
Hon. Gregory F. Van Tatenhove

_____

**PETITION FOR REHEARING EN BANC BY
APPELLEE UNIVERSITY OF KENTUCKY**

_____

Bryan H. Beauman
Sturgill, Turner, Barker & Moloney, PLLC
333 W. Vine Street, Suite 1500
Lexington, Kentucky 40507
Telephone: (859) 255-8581

William E. Thro
General Counsel
University of Kentucky
301 Main Building
Lexington, Kentucky 40506
Telephone: (859) 257-2936
COUNSEL FOR APPELLEE

# TABLE OF CONTENTS

CORPORATE DISCLOSURE ................................................................ii

TABLE OF AUTHORITIES ..........................................................iii–vi

STATEMENT UNDER FED. R. APP. 35
AND INTRODUCTION ..................................................................... 1

BACKGROUND ................................................................................5

ARGUMENT ....................................................................................8

    I.    The Panel Decision Undermines the
        Safe Harbors of *Gebser/Davis* and *Baum* ............................8

    II.   Contrary to *Kollaritsch*, the Panel Expands
        Title IX Retaliation Claims By Severing the
        Relationship Between a Title IX Injury and
        Institutional Action ............................................................13

    III.  By Potentially Allowing the Recovery of Pain,
        Suffering, and Mental Anguish, the Panel
        Contradicts *Cummings* ......................................................17

CONCLUSION ...............................................................................18

CERTIFICATE OF COMPLIANCE ......................................................19

CERTIFICATE OF SERVICE ............................................................20

## CORPORATE DISCLOSURE

Pursuant to 6 Cir. R. 26.1, the Appellee is not a corporate entity and no publicly owned corporation has any financial interest in the outcome.

Dated:    August 21, 2024        /s/ *Bryan H. Beauman*
                                COUNSEL FOR APPELLEE

# TABLE OF AUTHORITIES

## Cases

*A.W. ex rel. J.W. v. Coweta Cnty. Sch. Dist.*,
— F.4th —, 2024 WL 3682132 (11th Cir. 2024) ................................. 4

*Bartkus v. People of State of Ill.*,
359 U.S. 121 (1959)
(Black, J., joined by Warren, C.J., & Douglas, J., dissenting) .......... 16

*Bose v. Bea*,
947 F.3d 983 (6th Cir. 2020) ........................................................ 4, 15

*B.R. v. F.C.S.B.*,
— F. Supp. 3d —, 2024 WL 1254826 (E.D. Va. 2024) ........................ 5

*Cummings v. Premier Rehab Keller, P.L.L.C.*,
596 U.S. 212 (2022) .......................................................................... 4

*Cummings v. Premier Rehab Keller, P.L.L.C.*,
596 U.S. 212 (2022)
(Kavanaugh, J., joined by Gorsuch, J., concurring) .......................... 12

*Cummings v. Premier Rehab Keller, P.L.L.C.*,
948 F.3d 673 (5th Cir. 2020) ............................................................. 4

*Davis v. Monroe Cnty. Bd. of Educ.*,                                    1–2, 4,
526 U.S. 629 (1999) ........................................................ 8–11, 14, 17

*Department of Education v. Louisiana*,
603 U.S. —, 2024 WL 3841071 (2024) (Per Curiam) ........................ 13

*Doe v. Baum*,
903 F.3d 575 (6th Cir. 2018) .................................................... 1–2, 11

*Doe v. Hazard*,
152 F. Supp. 3d 859 (E.D. Ky. 2016), *aff'd in part, rev'd in part sub
nom. Doe v. University of Kentucky,* 860 F.3d 365 (6th Cir. 2017) .... 6

*Doe v. Loyola Univ. Chicago,*
100 F.4th 910 (7th Cir. 2024) ........................................................ 4–5

*Doe v. Univ. of Cincinnati,*
872 F.3d 393 (6th Cir. 2017) ........................................................ 11

*Doe v. University of Kentucky,*
860 F.3d 365 (6th Cir. 2017) .......................................................... 6

*Doe v. University of Kentucky,*
357 F. Supp. 3d 620 (E.D. Ky. 2019), *rev'd and
remanded*, 971 F.3d 553 (6th Cir. 2020) ........................................... 7

*Doe v. University of Kentucky,*
361 F. Supp. 3d 687 (E.D. Ky. 2019) ............................................... 9

*Doe v. University of Kentucky,*                                            2, 9,
959 F.3d 246 (6th Cir. 2020) ................................................... 14, 17

*Doe v. University of Kentucky,*
971 F.3d 553 (6th Cir. 2020) .......................................................... 7

*Doe v. University of Kentucky,*
2022 WL 9408672 (E.D. Ky. Oct. 14, 2022), *rev'd and
remanded*, Slip Op. (6th Cir. Aug. 7, 2024) ....................................... 7

*Doe ex rel. Doe #2 v. Metro. Gov't of Nashville & Davidson Cnty.,*
35 F.4th 459 (6th Cir. 2022)
(Guy, C.J., dissenting) .................................................................. 4

*Doherty v. Bice,*
101 F.4th 169 (2d Cir. 2024) .......................................................... 4

*Fitzgerald v. Barnstable Sch. Comm.,*
504 F.3d 165 (1st Cir. 2007), *rev'd and
remanded*, 555 U.S. 246 (2009) ..................................................... 9

*Foster v. Bd. of Regents of Univ. of Mich.*,
982 F.3d 960 (6th Cir. 2020) ............................................................ 11

*Gebser v. Lago Vista Indep. Sch. Dist.*,
524 U.S. 274 (1998) .............................................................. 1–2, 14

*Jackson v. Birmingham Bd. of Educ.*,
544 U.S. 167 (2005) ............................................................ 13

*Jackson v. Birmingham Bd. of Educ.*,
544 U.S. 167 (2005)
(Thomas, J., joined by Rehnquist, C.J., Scalia,
& Kennedy, J., dissenting) .............................................. 13

*K.G. v. Woodford Cnty. Bd. of Educ.*,
2022 WL 17993127 (E.D. Ky. Dec. 29, 2022) .................................... 5

*Kollaritsch v. Mich. State Univ. Bd. of Trustees*,                2–4,
944 F.3d 613 (6th Cir. 2019) ........................................................ 9, 14

*Loper Bright Enters. v. Raimondo*,
144 S. Ct. 2244 (2024) ........................................................ 9

*Malick v. Croswell-Lexington Dist. Schs.*,
— F. Supp. 3d —, 2024 WL 1125144 (E.D. Mich. 2024) .................... 5

*McGowan v. S. Methodist Univ.*,
— F. Supp. 3d —, 2024 WL 455340 (N.D. Tex. 2024) ........................ 5

*S.C. v. Metro Gov't of Nashville*,
86 F.4th 707 (6th Cir. 2023) .............................................. 4

*Smith v. Kalamazoo Pub. Schs.*,
703 F. Supp. 3d 822 (W.D. Mich. 2023) .............................................. 5

*Snyder-Hill v. Ohio State Univ.*,
54 F.4th 963 (6th Cir. 2022)
(Readler, J., dissenting from denial of rehearing en banc) .............. 12

*Stiles ex rel. D.S. v. Grainger Cnty.,*
819 F.3d 834 (6th Cir. 2016) ........................................................... 10

*Tennessee v. Cardona,*
2024 WL 3453880 (6th Cir. July 17, 2024) ...................................... 12

*Vance v. Spencer Cnty. Pub. Sch. Dist.,*
231 F.3d 253 (6th Cir. 2000) ........................................................... 16

## OTHER AUTHORITIES

34 C.F.R. Part 106 (2020) ................................................................. 9

## RULE 35 STATEMENT OF THE ISSUES AND INTRODUCTION

The Panel, over the vigorous dissent of Judge Batchelder, expanded Title IX retaliation to include claims of unsatisfactory outcomes, disconnected Title IX claims from institutional action, and contradicted Supreme Court precedent. Under the Panel's reasoning, if an individual makes a Title IX claim and the institution responds in a legally appropriate way, the complainant can still sue for Title IX retaliation and recover damages simply because they disagree with the University's response and the outcome of their complaint. The Panel's decision is fundamentally flawed in three respects.

First, undermining the Supreme Court's decisions in *Gebser v. Lago Vista Independent School District*[1] and *Davis v. Monroe County Board of Education*[2] as well as this Court's decision in *Doe v. Baum*,[3] the Panel expanded Title IX retaliation to include unsatisfactory outcomes.[4] Under *Gebser* and *Davis*, an institution is not liable under Title IX when it simply responds to allegations with something other than deliberate

_____

[1] 524 U.S. 274 (1998).
[2] 526 U.S. 629 (1999).
[3] 903 F.3d 575 (6th Cir. 2018).
[4] Slip Op. at 43–50 (Batchelder, J., dissenting)

1

indifference.[5] Indeed, this Court has emphasized that Title IX does not require a specific response.[6]

Under *Baum*, if an institution seeking to impose a punishment such as expulsion of a student, termination of an employee, or a lengthy suspension for alleged violations of Title IX, then the institution must give due process to the accused individual.[7] In other words, institutions avoid Title IX liability by: (1) responding to complaints with something other than deliberate indifference; and (2) providing due process to the accused individual.

Yet, the Panel added a third requirement—reach an outcome that is satisfactory to the complaining witness.[8] Jane Doe does not claim that the University was deliberately indifferent to her allegations.[9] John Doe

---

[5] *Gebser*, 524 U.S. at 290–91; *Davis*, 526 U.S. at 642–44.

[6] *Doe v. University of Kentucky*, 959 F.3d 246, 252 (6th Cir. 2020) ("school administrators are not required to 'engage in particular disciplinary action'") (quoting *Davis*, 526 U.S. at 648).

[7] *Baum*, 903 F.3d at 581.

[8] *But see Kollaritsch v. Mich. State Univ. Bd. of Trustees*, 944 F.3d 613, 618 (6th Cir. 2019) ("A student-victim's subjective dissatisfaction with the school's response is immaterial to whether the school's response caused the claimed Title IX violation").

[9] R.104, Agreed Order dismissing Count I of the Third Amended Complaint.

does not—and cannot—claim he was denied due process.[10] Nevertheless, the Panel found Jane Doe could pursue a Title IX retaliation claim because she disagreed with the outcome of John Doe's disciplinary process.

Second, in conflict with this Court's decision in *Kollaritsch v. Michigan State University Board of Trustees*,[11] the Panel severed the relationship between a Title IX injury and institutional action. Under *Kollaritsch*, a Title IX plaintiff can recover only if the institution itself takes action.[12] Yet, none of the adverse actions identified by the Panel— the timing of the fourth hearing,[13] strategic decisions of the person prosecuting the case,[14] legal rulings of the hearing officer,[15] or the unavailability of a witness[16]—involve an action by the University.[17] Title

---

[10] Indeed, some of the adverse actions identified by the Panel are the result of the University's efforts to provide due process to the accused.

[11] 944 F.3d 613 (6th Cir. 2019).

[12] *Id.* at 618.

[13] Slip Op. at 16.

[14] *Id.* at 17–18.

[15] *Id.* at 18–20.

[16] *Id.* at 20–21.

[17] *Id.* at 40–53 (Batchelder, J., dissenting)

IX, does not impose liability for the actions of individuals, but for the actions of the institution.[18]

Third, contrary to the Supreme Court's decision in *Cummings v. Premier Rehab Keller, P.L.L.C*,[19] the decisions of other Circuits,[20] and this Court's own decisions,[21] the Panel did not foreclose emotional distress damages for a violation of a Spending Clause statute.[22] As other

---

[18] *Bose v. Bea*, 947 F.3d 983, 990 (6th Cir. 2020) (quoting *Davis*, 526 U.S. at 640–42).

[19] 596 U.S. 212, 222–30 (2022).

[20] *Cummings v. Premier Rehab Keller, P.L.L.C.*, 948 F.3d 673, 676–78 (5th Cir. 2020), *aff'd* 596 U.S. 212 (2022); *Doe v. Loyola Univ. Chicago*, 100 F.4th 910, 912 (7th Cir. 2024); *Doherty v. Bice*, 101 F.4th 169, 173–75 (2d Cir. 2024); *A.W. ex rel. J.W. v. Coweta Cnty. Sch. Dist.*, — F.4th —, 2024 WL 3682132, at *3–4 (11th Cir. 2024).

[21] *S.C. v. Metro Gov't of Nashville*, 86 F.4th 707, 718–19 (6th Cir. 2023) ("*Cummings* leaves little doubt that emotional distress damages are no longer permitted for violations of Title IX."); *Kollaritsch*, 944 F.3d at 622 ("Emotional harm standing alone is not a redressable Title IX injury.").

[22] Slip Op. at 24. This passage is ambiguous. Perhaps, the Panel meant to say, "emotional distress damages are not available, but economic and nominal damages are available." If that was the Panel's intent, the Opinion should be amended. However, such an amendment does not eliminate the need for rehearing en banc because the Panel's decision expanded Title IX retaliation to include claims of unsatisfactory outcome and disconnected Title IX claims from institutional action.

federal courts to address the issue have concluded, after *Cummings*,[23] emotional distress damages are not recoverable under Title IX.[24]

## BACKGROUND

Jane Doe alleges John Doe raped her in a residence hall room in 2014. Although three different hearing panels concluded John Doe had committed sexual misconduct,[25] all three decisions were overturned by

---

[23] *Doe v. Loyola Univ. Chicago*, 100 F.4th 910, 912 (7th Cir. 2024); *Malick v. Croswell-Lexington Dist. Schs.*, — F. Supp. 3d —, 2024 WL 1125144, at *10 (E.D. Mich. 2024); *Smith v. Kalamazoo Pub. Schs.*, 703 F. Supp. 3d 822, 828–29 (W.D. Mich. 2023); *B.R. v. F.C.S.B.*, — F. Supp. 3d —, 2024 WL 1254826, at *4 (E.D. Va. 2024); *McGowan v. S. Methodist Univ.*, — F. Supp. 3d —, 2024 WL 455340, at *9–10 (N.D. Tex. 2024); *K.G. v. Woodford Cnty. Bd. of Educ.*, 2022 WL 17993127 (E.D. Ky. Dec. 29, 2022).
[24] The availability of emotional distress damages has significant consequences for whether Title IX claims are even brought or the willingness of institutions to settle such claims. This case illustrates the point. Jane Doe has no economic damages attributable to the outcome of the fourth hearing. That is why the University argued the unavailability of emotional distress damages as an alternative to affirm. Appellee's Brief, at 36–39.
[25] The Panel insinuates the same panel member heard all four hearings. Slip Op at 2 (stating the hearing panel "flipped"). If this was the Panel's belief, it is mistaken. The four hearing panels were comprised of different members (like different jurors on a re-trial). R.138–11 at 15.

University Appeals Board[26] because of due process errors.[27] Following the third reversal, Jane Doe sued the University seeking unspecified injunctive relief.[28] The fourth hearing was delayed for several reasons including Jane Doe's counsel's lack of response,[29] Jane Doe's reluctance to participate,[30] the fact John Doe was attending an institution in another State,[31] and a separate lawsuit against the University which challenged the constitutionality of the University's Title IX process.[32] At the fourth hearing in early 2017, a *different hearing panel with a different presiding*

---

[26] Although the composition of the University Appeals Board varied with each appeal, constitutional law professor Paul Salamanca was the Chair in the first three. Professor Salamanca is the current Interim Dean of the University's College of Law.

[27] The first finding was overturned because John Doe was not present. The second because Jane Doe did not attend and her recorded testimony from the first hearing was introduced; thus, John Doe was denied the right of cross-examination. The third was reversed because John Doe was not allowed to talk with his attorney and two witnesses testified simultaneously. Appellee's Brief at 2–5.

[28] R. 1, Complaint.

[29] Slip Op at 4–5 (Jane Doe's counsel indicated she would provide available dates to the University for the hearing but did not for at least eight months); Appellee's Brief at 6–12.

[30] Slip Op at 5–6; Appellee's Brief at 12–14.

[31] John Doe left the University shortly after being accused and attended a junior college in Texas and a four-year institution in Tennessee.

[32] *Doe v. Hazard,* 152 F. Supp. 3d 859 (E.D. Ky. 2016), *aff'd in part, rev'd in part sub nom. Doe v. University of Kentucky,* 860 F.3d 365 (6th Cir. 2017).

*hearing officer*[33] found John Doe did not violate the University's sexual misconduct policy.[34]

Two years later in 2019, the district court dismissed Jane Doe's lawsuit on standing grounds.[35] On appeal, this Court reversed.[36] Following remand, Jane Doe voluntarily dismissed her deliberate indifference claim, but pursued her retaliation claim. After discovery, the district court granted summary judgment to the University on the retaliation claim.[37] On appeal, a sharply divided Panel of this Court reversed.

---

[33] The hearing officer for the fourth hearing was Professor Robert Lawson, a former Dean of the Law School, and a leading expert on the Kentucky Rules of Evidence and Kentucky Criminal Code.

[34] Under the University's Title IX system, a complainant—but not the University—may appeal a not guilty verdict. R. 138–11, University's Administrative Regulation 6:2 at 22 (ability to appeal is limited to the complainant or respondent). Jane Doe chose to appeal, and the appellate tribunal affirmed the not guilty finding.

[35] *Doe v. University of Kentucky*, 357 F. Supp. 3d 620 (E.D. Ky. 2019). The Panel decision mistakenly asserts Jane Doe was in a dual enrollment program. Although living in a University residence hall, she was a student at a nearby community college which had an agreement with the University to allow students to live on-campus. Appellee's Brief at 1–2; *cf. Doe v. University of Kentucky*, 971 F.3d 553, 555 (6th Cir. 2020) ("[Doe] also *hoped* to attend the University…") (emphasis added).

[36] *Doe v. University of Kentucky*, 971 F.3d 553 (6th Cir. 2020).

[37] *Doe v. University of Kentucky*, 2022 WL 9408672 (E.D. Ky. Oct. 14, 2022).

## ARGUMENT

### I.  The Panel Decision Undermines the Safe Harbors of *Gebser/Davis* and *Baum*.

The Panel opinion expands Title IX by recognizing a retaliation claim exists when a plaintiff is dissatisfied with the outcome of her sexual harassment complaint. The Panel opinion's expansion of Title IX retaliation claims occurs in three ways.

First, the Panel opinion permits a retaliation claim where the plaintiff does not achieve the results she desires from *another* person's disciplinary proceeding. In other words, the Panel opinion creates a "dissatisfied outcome" theory of retaliation. That stands in direct conflict with *Gebser*, *Davis*, and *Kollaritsch*.

Title IX does not require institutions to "purg[e] their schools of actionable peer harassment" or "engage in particular disciplinary action" to avoid liability, nor do victims have the right to "make particular remedial demands."[38] Schools should be provided great flexibility in disciplinary actions and deemed "deliberately indifferent" *only* where the response to alleged harassment is clearly unreasonable in light of the

---

[38] *Davis*, 526 U.S. at 648.

known circumstances.[39] "Title IX does not require educational institutions to take heroic measures, to perform flawless investigations, to craft perfect solutions, or to adopt strategies advocated by parents."[40] "The test is objective—whether the institution's response, evaluated in light of the known circumstances, is so deficient as to be clearly unreasonable."[41] In short, a complainant "has no right to her preferred remedy."[42]

---

[39] *Id.*

[40] *Doe v. University of Kentucky*, 361 F. Supp. 3d 687, 699 (E.D. Ky. 2019) (quoting *Fitzgerald v. Barnstable Sch. Comm.*, 504 F.3d 165, 174 (1st Cir. 2007), *rev'd and remanded on other grounds*, 555 U.S. 246 (2009)), *aff'd* 959 F.3d 246 (6th Cir. 2020). Had the 2020 Title IX regulations been in effect, the University would not have been required to conduct a second, third, or fourth hearing, given that John Doe left the University. *See* 34 C.F.R. Part 106 (2020). However, pursuant to guidance from the Department of Education's Office of Civil Rights—which now receives no deference following the Supreme Court's decision in *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244 (2024)—the University continued with these later hearings.

[41] *Doe*, 361 F. Supp. 3d at 699 (quoting *Fitzgerald*, 504 F.3d at 174).

[42] *Kollaritsch*, 944 F.3d at 627 (involving Title IX and Section 1983 claims and addressing the conflict between a victim's "demand for judgment and punishment on one side and the accused male student's appeal for additional due process on the other…[Complainant] is clearly dissatisfied with [the institution's] decision to overturn the male student's punishment (expulsion), which also served as [her] remedy. But [she] has no 'right' to her preferred remedy. *Davis* expressly denied the prospect 'that administrators must engage in particular disciplinary action,' and stressed that the victim does *not* 'have a Title IX right to make particular remedial demands'") (quoting *Davis*, 526 U.S. at 648).

In *Davis,* the Court recognized the distinction between the degree of control a secondary school system has over its students opposed to the "degree of supervision and control that could not be exercised over free adults…A university might not, for example, be expected to exercise the same degree of control over its students that a grade school would enjoy, and it would be entirely reasonable for a school to refrain from a form of disciplinary action that would expose it to constitutional or statutory claims."[43]

This Court has repeatedly held that deliberate indifference is lacking where the evidence establishes that the school promptly responded to a complaint, investigated the complaint, and either imposed discipline where an individual was found responsible for wrongdoing or took proactive steps to reduce the opportunity for future conduct.[44] As the Panel explicitly acknowledges, its decision creates a new realm of Title IX retaliation[45]

---

[43] *Davis*, 526 U.S. at 646, 649 (citation omitted).
[44] *Stiles ex rel. D.S. v. Grainger Cnty.,* 819 F.3d 834, 849 (6th Cir. 2016).
[45] Slip Op. at 11 ("We have never directly addressed whether deliberate indifference to retaliation is a cognizable claim under Title IX").

Second, the Panel decision undermines *Baum* and other decisions which make clear the Constitution affords due process to students accused of sexual misconduct and facing an institution's disciplinary hearings. Time after time, this Court has opined public institutions in this Circuit have run afoul of the Constitution by erring in their student disciplinary proceedings.[46] According to the Panel, the rulings during Mr. Doe's fourth hearing—applying the Constitution and affording him due process—could be found by a jury to be retaliatory because they were absent in the (Constitutionally deficient) first three hearings. Yet, "[i]t's 'entirely reasonable for a school to refrain from a form of disciplinary action that would expose it' to lawsuits by the harasser."[47] The Panel ruling "would encourage universities to expel first and ask questions later" which this Court rejected in *Foster*.[48]

---

[46] *See Baum,* 903 F.3d at 582–85; *Doe v. University of Cincinnati*, 872 F.3d 393, 403 (6th Cir. 2017). Many of the due process protections recognized by this Court were spotted during internal administrative appeals at the University or addressed by the rulings of the hearing officers, which both involve current and former professors/Deans of the University's College of Law.

[47] *Foster v. Bd. of Regents of Univ. of Mich.*, 982 F.3d 960, 969 (6th Cir. 2020) (quoting *Davis*, 526 U.S. at 649).

[48] *Id.*

11

That ruling also fundamentally alters Title IX's safe harbors allowing universities to comply with the Constitution and Title IX. Previously, an institution simply had to respond to an allegation of sexual misconduct with something more than deliberate indifference and ensure the accused received due process. Now, under the Panel decision, the institution must also ensure the complainant is satisfied with the outcome.

Third, if the scope of a Title IX retaliation claim is to be expanded, that action must come from Congress, not the other branches.[49] Last week, all nine Justices of the Supreme Court, affirming this Court,[50] recognized that various States were entitled to a preliminary injunction preventing the Executive Branch from redefining the meaning of sex in

---

[49] *Cummings*, 596 U.S. at 230–31 (Kavanaugh, J., joined by Gorsuch, J., concurring) ("Congress, not this Court, creates new causes of action. And with respect to existing implied causes of action, Congress, not this Court, should extend those implied causes of action and expand available remedies.") (citations omitted); *Snyder-Hill v. Ohio State Univ.*, 54 F.4th 963, 978–79 (6th Cir. 2022) (Readler, J., dissenting from denial of rehearing en banc).

[50] *Tennessee v. Cardona*, 2024 WL 3453880 (6th Cir. July 17, 2024) (refusing to stay preliminary injunction against new Title IX regulations).

Title IX.[51] If the Executive Branch cannot redefine the scope of a Spending Clause statute, the federal judiciary cannot expand the scope of Title IX retaliation either.

Indeed, Title IX is a thirty-seven-word statute that never mentions retaliation.[52] While the Supreme Court has recognized a narrow Title IX retaliation claim,[53] it has never broadened Title IX retaliation to include objections to the outcome of a due process hearing.[54] However, the Panel did exactly that.

## II.     Contrary to *Kollaritsch*, the Panel Expands Title IX Retaliation Claims By Severing the Relationship Between a Title IX Injury and Institutional Action.

A Title IX claim must involve *institutional* action, not individual actions of the institution's employees. The Panel opinion correctly concluded the University could not be liable for the actions of its police chief. So too, the University is not liable for the actions of its scheduler,

---

[51] *Department of Education v. Louisiana*, 603 U.S. —, 2024 WL 3841071 (2024) (Per Curiam) (refusing to stay preliminary injunctions against new Title IX regulations).

[52] *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 184–96 (2005) (Thomas, J., joined by Rehnquist, C.J., Scalia, & Kennedy, J., dissenting)

[53] *Id.* at 174.

[54] Although *Jackson* is binding precedent until overruled by the Supreme Court, *Jackson* is incompatible with the reasoning of *Cumming*s and ought to be overruled.

13

hearing officer, and prosecutor. The only institutional action here was to accept the results of John Doe's disciplinary process, whether through the final decision of the hearing panel or the appellate panel.

As *Kollaritsch* makes clear, there is no Title IX liability unless the institution has acted.[55] The mere possibility of a subsequent act of harassment[56] or even an actual subsequent incident is insufficient to impose institutional liability.[57] Rather, Title IX liability depends on institutional inaction to known harassment.[58] In *Gebser,* liability turned not on the fact a teacher raped a student, but on whether the school responded with deliberate indifference.[59] In *Davis*, the focus was not on the conduct of one student toward another, but whether the school exercised control of the students *and* whether it responded with deliberate indifference.[60]

Yet, in the Panel's view, the University is potentially liable not because the University took some institutional actions, but because its

---

[55] *Kollaritsch*, 944 F.3d at 623–24.
[56] *Id.*
[57] *Doe v. University of Kentucky,* 959 F.3d at 251–52.
[58] *Kollaritsch*, 944 F.3d at 624.
[59] *Gebser*, 524 U.S. at 290–92.
[60] *Davis*, 526 U.S. at 640–44.

employees or agents took actions.[61] The adverse actions identified by the Panel—the delay in holding a hearing, strategic decisions of the person prosecuting the case, legal rulings of the hearing officer, or the unavailability of a witness—do not involve an institutional action by the University.[62] In effect, the Panel is seeking to impose either a *respondeat superior* theory or cat's paw theory, both of which have been rejected by this Court.[63] The University's only institutional action was accepting the final outcome of John Doe's Title IX due process proceeding.

Although the Panel held that "when a university does not respond to a known retaliatory action because a person has previously complained of sex discrimination, such inaction amounts to the institution's own intentional violation of Title IX,"[64] that ruling overlooks two realities.

First, the Constitution compels the University to accept the final outcome of its Title IX due process proceeding—John Doe was not found in violation of its policy. Due process assumes there is a possibility the

---

[61] Although the Panel correctly observed there is no *respondeat superior* liability under Title IX, the Panel nevertheless presumed that actions of some (but not all) employees were University actions.

[62] Slip Op. at 41–53 (Batchelder, J., dissenting)

[63] *Bose v. Bea*, 947 F.3d 983, 991 (6th Cir. 2020).

[64] Slip Op. at 21 (citations omitted).

accused may be found not guilty. If that possibility does not exist, there is no due process. If the University were to bypass the disciplinary proceeding result from the hearing panel decision and appellate panel decision and suddenly declare John Doe is guilty, it would violate John Doe's rights. Alternatively, if the University simply vacated the not guilty finding and proceeded with a fifth hearing, it would effectively expose John Doe to "double jeopardy."[65]

Second, following the Panel's reasoning, a Title IX claim exists where an institution is deliberately indifferent to a claim of retaliation. Faced with such an allegation, an institution must then not act clearly unreasonably (no different than if an institution received a complaint of harassment).[66] That is precisely what occurred here. Jane Doe appealed the hearing outcome to the Sexual Misconduct Appeals Board. She raised each of these errors she complains of here and the appellate panel

---

[65] The Anglo-American legal tradition, drawing upon ideas expressed in Greek, Roman, and Canon law, has long recognized the principle that no person should be subjected to "double jeopardy." *Bartkus v. People of State of Ill.*, 359 U.S. 121, 151–55 (1959) (Black, J., joined by Warren, C.J., & Douglas, J., dissenting) (recounting the deeply-rooted history against double jeopardy and the "[f]ear and abhorrence of governmental power to try people twice for the same conduct...").

[66] *Vance v. Spencer Cnty. Pub. Sch. Dist.*, 231 F.3d 253, 260–62 (6th Cir. 2000).

disagreed. When an institution assesses competing narratives and reaches an outcome, it is not deliberately indifferent, even if a complainant is unhappy with the outcome or if a reviewing court might have reached a different outcome.[67]

### III. By Potentially Allowing the Recovery of Pain, Suffering, and Mental Anguish, the Panel Contradicts *Cummings.*

The Panel decision correctly observes *Cummings* forecloses the recovery of damages for emotional distress under Title IX, but insists Jane Doe may recover damages for "discrimination on the basis of sex."[68] To the extent that damages for discrimination based on sex are described as pain, suffering, mental anguish, and other non-economic terms, those are emotional distress damages by another name. *Cummings* cannot be avoided by mere labels. By keeping alive the argument for emotional distress damages, the Panel creates a "retaliation exception" to *Cummings.*

The failure to completely foreclose emotional distress damages raises the possibility Jane Doe will be able to recover something other

---

[67] *Doe v. University of Kentucky*, 959 F.3d at 252 ("courts should not 'second-guess[ ] the disciplinary decisions made by school administrators'") (alteration in original) (quoting *Davis*, 526 U.S. at 648).
[68] Slip Op. at 24.

than a nominal damages award. At a minimum, the Panel decision should be clarified.

## CONCLUSION

This Court should grant rehearing en banc. If this Court grants rehearing, the University respectfully requests the ability to file supplemental briefing.

Respectfully submitted,

*/s/ Bryan H. Beauman*
Bryan H. Beauman
Sturgill, Turner, Barker & Moloney, PLLC
333 W. Vine Street, Suite 1500
Lexington, Kentucky 40507
Telephone: (859) 255-8581

William E. Thro
General Counsel
University of Kentucky
301 Main Building
Lexington, Kentucky 40506
Telephone: (859) 257-2936
COUNSEL FOR APPELLEE

## <u>CERTIFICATE OF COMPLIANCE</u>

This brief complies with the type-volume limitation of Fed. R. App. P. 35(b)(2)(A) and 40(b)(1) because it contains 3,816 words, excluding those parts exempted by Fed. R. App. P. 32(f).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the typestyle requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared using proportionally spaced, 14-point, Century font.

*/s/ Bryan H. Beauman*
Bryan H. Beauman
COUNSEL FOR APPELLEE

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 21st day of August, 2024, a true and complete copy of the foregoing was electronically filed with the Clerk of the Court for the United States Court of Appeals for the Sixth Circuit using the CM/ECF system. I also certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/ Bryan H. Beauman*
Bryan H. Beauman
COUNSEL FOR APPELLEE